**UNITED STATES of America,**
**Appellee,**

**v.**

**Charley Steele SIMPSON, Jr., Appellant.**

**No. 14051.**

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1970.

Decided May 11, 1970.

Robert A. Pustilnik, Richmond, Va. (Court-appointed counsel) [Ralph K. Helge, Pasadena, Cal. (Court-appointed counsel) on the brief], for appellant.

Bruce B. Briggs, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., and David B. Sentelle, Asst. U. S. Atty., on the brief), for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

When defendant registered with his local board he claimed to be a conscientious objector opposed to participation in war in any form and opposed to noncombatant training and service in the Armed Forces. The board first gave him a student deferment; and when he ceased to be a student, the board classified him I–A–O. Defendant appealed his I–A–O classification, urging that he should have been classified I–O. His claim was rejected and he was ordered to report for induction and assignment to noncombatant duty. Neither in notices to him nor in the board's minutes was any reason stated why defendant's claim to be classified I–O was denied.

Defendant's selective service file established a prima facie case of entitlement to a I–O classification. It follows that the failure to assign any reason for its rejection renders invalid the conviction for failure to report for induction based upon the invalid classification. United States v. Broyles, 423 F.2d 1299 (4 Cir. 1970); United States v. James, 417 F.2d 826 (4 Cir. 1969). Defendant was entitled to acquittal.

Reversed.

BOREMAN, Circuit Judge (concurring):

Although I dissented in United States v. Broyles, 423 F.2d 1299 (4 Cir. 1970),

I feel compelled to follow the decision of the majority of this court and accept as the law of this circuit the rule established in *Broyles* that a local board must articulate its reasons for denying a conscientious objector classification to a registrant who has presented a prima facie case of entitlement to such classification. Since there was no such articulation in this case, *Broyles* dictates that the conviction be reversed.

However, even without the binding authority of the majority decision in *Broyles*, I would have no reason to disagree with the court's decision today that the registrant here made out a prima facie case of entitlement to the I–O classification and there is nothing in the registrant's file to provide a basis in fact for the local board's denial of the desired classification. The factors which prompted my dissent in *Broyles* simply are not present here.