The **UNITED STATES** of America ex rel. **Arthur KAMESHKA,** Petitioner,

v.

**Col. Donald F. NEFF, Commanding Officer, Armed Forces Examining and Entrance Station, Pittsburgh, Pennsylvania, and Stanley R. Resor, Secretary of the Army, Respondents.**

No. 70–1094.

United States District Court,
W. D. Pennsylvania.

Oct. 7, 1970.

George E. Schumacher, Pittsburgh, Pa., for petitioner.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for respondents.

## OPINION

WEIS, District Judge.

The Petitioner, Arthur Kameshka, is a duly registered pharmacist in the State of Pennsylvania. He has been inducted into the Armed Forces and now challenges the action of the Selective Service System in refusing to continue the occupational deferment which he had held for about two years. The petitioner was originally before this court seeking preinduction review [1] but his petition was dismissed on a jurisdictional basis without any finding on the merits of the case, albeit there was necessarily some consideration of the factual background.

Kameshka is a registrant of Local Board No. 12, Pittsburgh, Pennsylvania. He was originally classified as II-S during the period of his study at the University of Pittsburgh School of Pharma-

---

1. Civil Action No. 70–934.

cy. After completion of his scholastic career, he was classified I-A by the local board on June 6, 1968 but received a II-A [2] classification as a result of action by the Appeal Board on August 21, 1968. On March 27, 1969 the local board again classified the petitioner as I-A, which action was also reversed by the Appeal Board on June 25, 1969.

On January 22, 1970, for the third time, the petitioner was classified I-A by the local board but, in a change of its previous position, the Appeal Board on April 15, 1970 concurred with the local board's classification. Following this, an appeal was taken by the Pennsylvania State Director of Selective Service to the President and on July 8, 1970, the National Selective Service Board affirmed the classification of I-A. The plaintiff was inducted into the Armed Forces on September 15, 1970 and thereafter filed this Petition for Writ of Habeas Corpus.

At the evidentiary hearing the selective service record of the petitioner was admitted and the petitioner presented additional evidence bearing on the shortage of pharmacists and their importance to the nation's health.

The petitioner has been actively working as a pharmacist since 1968 when he was first classified I-A by the local board. There is no dispute that he has worked long hours, as appears to be typical of those in this area who are engaged in that occupation. There is no doubt that there is a shortage of pharmacists and that the community could profitably utilize the services of more men trained in this calling.

Pharmacists fulfill an important need in the community and it is possible that the petitioner's tour of duty in the Armed Forces may not be as profitable to the welfare of the nation as if he were permitted to remain as a civilian in the community. However, such a determination is entrusted by law to the local board. As phrased in the appropriate regulation, 1622.20:

"On the local board is placed the responsibility, under applicable rules and regulations, of deciding which men should be deferred because of their civilian activities. It is in the national interest and of paramount importance to our national security that civilian activities which are contributing to the national health, safety, or interest should be disrupted as little as possible, consistent with the fundamental purpose of the Military Selective Service Act of 1967."

The appropriate guidelines to be utilized in granting deferments in an occupation identified with the maintenance of national health are set out in Regulations Nos. 1622.21 and 1622.23, which provide that deferments in Class II shall be for a period of one year or less; that at the expiration of the deferment period the classification is to be re-opened and the registrant is to be classified anew. A registrant may be granted a deferment in this category when all of the following three conditions exist:

1. The registrant is engaged in such activity;

2. He cannot be replaced because of a shortage of persons with his qualifications in the activity;

3. The removal of the registrant would cause a material loss of effectiveness in such activity.

The local board has consistently denied the petitioner's claim for a II-A designation. It was only because the Appeal Board on two occasions disagreed with the local board that petitioner was not inducted some two years ago. There is, therefore, no basis for the inference that the petitioner was inducted only because his twenty-sixth birthday was at hand.

A review of the material in the petitioner's selective service file shows that responsible individuals and representatives of professional organizations ad-

2. Occupational deferment.

vised the local board of the scarcity of pharmacists in the community. However, we feel it is not without significance that a letter from one professional organization, after citing the existence of the shortage, says:

"At a time such as now, when there is no great national emergency, the health and welfare of the community might better be served if more pharmacists could be deferred from military service."

Another letter in December of 1969 said in part:

"The health and welfare of a community depends upon the services of its pharmacists. There is a shortage and it would be almost impossible to replace him if drafted. At the present time, there is no great national emergency, therefore the community could be better served if pharmacists were deferred from military service."

■ The "material loss of effectiveness" in the pharmaceutical field by the petitioner's induction into the Armed Forces appears, in the eyes of the correspondents, therefore to be conditioned upon what they conceive to be the national interest. Obviously, that decision is the responsibility of the board and not the petitioner or those advocating his position.

The court's scope of review of the action of the Selective Service System is set out in the Act of 1967, 50 U.S.C.App. § 460:

"* * * provided, that such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

Judicial interpretation of the limits of re-examination was outlined by the Supreme Court in Estep v. United States,

327 U.S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567: (1946)

"It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local board made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

Citing the *Estep* case as authority, the Court of Appeals in Petrie v. United States, 407 F.2d 267, 272, (9th Cir. 1969) commented as follows:

"Our scope of review as to the actions of the local board is well defined. However strongly we may disagree with the appropriateness of an action taken by the local board, we may overturn that action only if it has 'no basis in fact'."

■■ We find no procedural defects in this case or error of law, but rather a factual judgment by the local board as sustained ultimately by the Appeal Board and the Presidential Board. We find nothing in the evidence or record of the case to conclude that the action of the Selective Service System was in error or that because the petitioner had been granted two deferments, he acquired a right to have his classification continued because his personal circumstances had not changed. Indeed, the regulations provide that each deferment is to be considered de novo.

Petitioner may well be inconvenienced, his employers may have great difficulty in replacing him, but nevertheless we are not justified in sitting as a super draft board Court of Appeal. In essence, the classification of the petitioner was an exercise of discretion by the Selective Service System which we cannot say lacked a basis in law or fact. Therefore, the Petition for Writ of Habeas Corpus must be denied.