UNITED STATES of America
v.
Dennis Joseph **BELLAFIORE.**
Crim. No. 70–112.

United States District Court,
E. D. Pennsylvania.

Feb. 23, 1971.

Edwin E. Naythons, Philadelphia, Pa., for plaintiff.

C. Clark Hodgson, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VAN ARTSDALEN, District Judge.

The defendant, Dennis J. Bellafiore, was tried before the Court on January 18, 1971, on a waiver of jury trial. The charge is set forth in a one count indictment under 50 U.S.C. App. § 462—refusing to submit to induction into the Armed Forces. To this charge, the defendant is found "not guilty".

## FINDINGS OF FACT

1. Defendant first registered under the Selective Service Act on October 30, 1963, registering as a citizen of the State of New York.

2. In 1964, defendant was granted a 2–S classification which was renewed in 1965, 1966 and 1967.

3. On April 27, 1968, while still classified 2–S, defendant requested a Form 150, Application for Conscientious Objector, which form was filed with the board on May 3, 1968.

4. On May 21, 1968, the local board, by a vote of 4 to 0, rejected defendant's claim as a conscientious objector and reclassified him 1–A. The local board's rejection of the claim by defendant for classification as a conscientious objector is set forth in SSS Form 119 as follows:

"It was the opinion of the board that this registrant does not meet the requirements to qualify as a conscientious objector * * * "

No other reason was stated by the board.

5. A request by defendant for a personal appearance was received by the board on June 3, 1968, and the personal appearance hearing was held on June 26, 1968. The record indicates either a ten minute or twenty minute hearing with three members of the board in attendance.[1] Defendant's claim for conscientious objector status was dismissed. N.Y. Form 7 contains a summary transcript of the hearing, setting forth briefly defendant's points and the board's conclusion stated as follows:

"It was the local board's opinion that this registrant did not meet the requirements for conscientious objection as set forth in selective service law."

There were no additional reasons specified in the transcript or the selective service file of defendant for the board's action denying the reclassification.

6. On July 23, 1968, defendant filed an appeal which was rejected, and on October 8, 1968, defendant was reclassified 1–A.

7. On November 8, 1968, defendant was ordered to report for induction on December 3, 1968. The induction order was later amended directing defendant to report for induction in Philadelphia, Pennsylvania, on December 11, 1968. Defendant reported at the time and place specified in the order but refused to be inducted stating in writing as follows:

"Today I refused induction into the Armed Forces because of my religious beliefs as explained in my Selective Service file."

8. Following refusal of induction, defendant was indicted on the present charge—violation of Title 50 U.S.C. App. § 462—failing to perform a duty required by the Selective Service Act.

## DISCUSSION

Defendant contends that he is not guilty of the offense charged because the local board refused his request for a conscientious objector status without specifying any reasons for refusing his claim other than the board's "opinion" that defendant "did not meet the requirements for conscientious objection". (See Findings of Fact No. 5.)

■ The statutory justification for exemption from military service on the basis of conscientious objection reads as follows:

"Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term 'religious training and belief' does not include essentially political, sociological, or philosophical views, or a merely personal moral code. * * *" 50 U.S. C. App. § 456(j).

In order for a registrant to qualify for the status of conscientious objector, the burden is upon the registrant to first establish a prima facie right to the classification. The Supreme Court in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), established a test for determining what would constitute a religious belief sufficient to establish a prima facie case for classification as a conscientious objector. The court stated:

"The test might be stated in these words: A sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption comes within the statutory definition. This construction avoids imputing to Congress an intent to classify different religious beliefs, exempting some and excluding others, and is in accord with the well-established congressional policy of equal treatment for those whose

---

1. The typed form states: "Start of hearing 9:30 A.M.—End of hearing 9:40 A.M. The 9:30 has overwriting in pen of 9:40 and the 9:40 has overwriting of 10:00."

opposition to service is grounded in their religious tenets." *Id.* at 176, 85 S.Ct. at 859.

The Court in *Seeger* warns the local boards against rejecting beliefs because they consider them incomprehensible. (*Id.* at 184, 185, 85 S.Ct. 850). The Court also emphasizes that since it has adopted a broad test for determining which religious beliefs will meet the statutory exemption, it will construe narrowly those situations where a belief will not be deemed a religious belief within the statute. (*Id.* at 186, 85 S.Ct. 850).

The Supreme Court in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), adopted an even more expansive view of what constitutes a belief within the protection afforded by 50 U.S.C. App. § 456(j). In *Welsh,* the registrant admitted that his belief was in no way motivated by a religious belief but rather by a sense of conscience. The Court reversed his conviction for refusing to submit to induction based on this belief and held that a deeply and sincerely held moral and ethical belief may qualify a man for the § 456(j) exemption even though the beliefs are not considered to be religious by the applicant and are founded to a substantial extent on considerations of public policy. (*Id.* at 341–342, 90 S.Ct. 1792.) It has been said that *Welsh* forecloses the courts balancing the religious against the secular content of an applicant's beliefs in order to characterize them as either substantially religious or essentially political, sociological or philosophical. Note, The Supreme Court, 1969 term, 84 Harv.L.Rev. 230–234 (1970). Since Mr. Bellafiore's beliefs, as evidenced by the local board's record, are clearly and predominately religious under *Seeger,* it is not necessary to discuss the registrant's burden of establishing a prima facie case under the broadened rule of *Welsh* or to reach the question of whether *Welsh* has a retroactive application.

Applying the *Seeger* test in evaluating Mr. Bellafiore's application for conscientious objector status, it is apparent that he established a prima facie case within his application. In his answer to question two of SSS Form 150, the defendant clearly states that as a result of his belief in a Supreme Being, arising from his faith, he feels he is required to treat all other human beings as equals. He further states:

"Therefore, I firmly believe that I could never knowingly kill another human being and be able to justify that act in my conscience. With these convictions I will never allow myself to become part of or in anyway participate knowingly in any action which may help directly or indirectly to take another person's life.

"Therefore, I could never serve or participate in the Armed Forces in either a combatant or noncombatant position because by doing so I would be helping either directly or indirectly to propagate the taking of another person's life. Further, by accepting service in the Armed Forces I would be agreeing with the belief that killing another human being is justifiable.

"My conscience and beliefs therefore require that I do not serve in the Armed Forces or aid in such a manner as to knowingly promote or continue the taking of another human being's life."

The existence of the defendant's belief is further supported by his testimony before the local board during his personal appearance as evidenced by N.Y. Form 7 and by the letters sent by friends to the local board.

There was nothing within the record of the local board which, on its face or by any reasonable inference, contradicted the defendant's contention. The prosecution has contended that the fact that (1) the defendant's application for a conscientious objector status was filed shortly before his student deferment lapsed, and that (2) the defendant's indication of his religious beliefs to friends occurred only during the last year, must result in the "inescapable

conclusion" that the defendant was motivated by a desire to escape service in the armed service and not by his religious beliefs. These facts in and of themselves, while they may be considered by the local board, are not sufficient to contradict the registrant's prima facie case, especially where there is nothing in the record to indicate that the board did consider such to be relevant. It is recognized that the lateness of a claim of conscientious objection cannot be the sole ground upon which to deny it. *Scott*, 431 F.2d at 1137, *infra*. The Court in United States v. Gearey I, 368 F.2d 144, 149 (2nd Cir. 1966); cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L. Ed.2d 368 (1967), stated that "Section 6(j) does not set any time limit by which an applicant's conscientious objections must fully crystalize in his mind." The *Gearey* court also held that "it would be improper to conclude that an individual is not a genuine conscientious objector merely because his beliefs did not ripen until after he received his notice." *Id.* at 149–150, quoted in Capobianco v. Laird, 424 F.2d 1304, 1306 (2nd Cir. 1970). If the registrant is not to have his prima facie case defeated solely because his change of belief occurred after he received his induction notice, he should not have it defeated solely because his claim was made when his 2–S classification was coming to an end.

■ Since defendant's prima facie case for a conscientious objector status is established by the local board's record and is not contradicted by facts within that record, the fact that the local board never stated its reasons for denying the exemption to the defendant requires the finding that the prosecution has failed to prove defendant guilty beyond a reasonable doubt. In the recent case of Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970), which involved a habeas corpus petition based on the local board's improper refusal of a post induction request to reopen a 1–A classification upon the registrant's claim to be a conscientious objector, the Court expressly adopted, verbatim, the rule of

the Fourth Circuit as enunciated in United States v. Broyles, 423 F.2d 1299 (1970).

"In any case where the board fails to disclose the basis for its decision, we risk blind endorsement of a mistake of law. Where it is clear that a *prima facie* case was established, we conclude that in conscientious objector cases, it is essential to the validity of an order to report that the board state its basis of decision and the reasons therefor, i. e., whether it has found the registrant incredible, or insincere, or of bad faith and why." *Scott*, 431 F.2d at 1137.

The record of the local board in Mr. Bellafiore's case contains neither a finding of insincerity, bad faith nor incredible religious belief nor any other reason supporting its rejection of the defendant's claim. Thus, this Court is left without any means of reviewing of the local board's decision except to hypothesize as to why the board has rejected the application. The prosecution's brief contains several possibilities upon which the board might have denied legitimately the defendant's application. The prosecution, however, is merely speculating upon the reasons that the board may have utilized in denying the application. Where, as here, the registrant has made a prima facie case for classification as a conscientious objector which is uncontradicted by the local board's record, the court must have something more than its imagination upon which to evaluate the local board's decision rejecting the registrant's application. As the *Scott* Court stated, "We cannot say that the board did not believe the petitioner without some indication in petitioner's file as to what the board did not believe and why." *Id.* at 1138.

In the absence of the file affirmatively revealing any valid reasons for the local board's refusal to reclassify defendant as a conscientious objector, I am bound to find the defendant "not guilty". It may well be that the local board had adequate and proper reasons for its decision. Whether the board may here-

after hold a further hearing and based on adequate, factual and legal grounds, specifying such reasons in its determination, reclassify defendant 1–A, and issue a new induction order, is not before this Court for determination. All that is determined is that the government has not proved beyond a reasonable doubt that the defendant violated the Selective Service Act by refusing induction.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter, and venue is properly within this District.

2. Defendant's selective service file reveals that he established a prima facie case for classification as a conscientious objector under the Selective Service Act.

3. Defendant's selective service file fails to reveal any valid, legal or factual reason for the refusal to classify defendant as a conscientious objector.

4. Defendant's refusal to be inducted into the Armed Forces did not constitute a violation of the Selective Service Act.