**UNITED STATES of America**

v.

**Donald Thomas SPEICHER, Jr.,
Appellant.**

**No. 19177.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 29, 1971.

Decided March 11, 1971.

Peter E. Rindskopf, Atlanta, Ga. (Howard Moore, Jr., Atlanta, Ga., on the brief), for appellant.

Bernhard Schaffler, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before FORMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from a judgment of conviction, following a jury trial, for refusing to submit to induction into the armed forces, in violation of 50 U.S.C. App. § 462. Evidence at the trial consisted of the testimony of the clerk of the Local Board, and the contents of appellant's Selective Service file. Appellant contends that his conviction must be reversed because the classification which resulted in the order to report for induction was invalid in that he was improperly continued in Class I–A when he should have been classified I–O. He contends that the Selective Service file discloses no basis in fact for the rejection of his claim for a I–O classification.

Appellant registered in the summer of 1964. His Classification Questionnaire disclosed that he was attending Allegheny College, where he was enrolled in a compulsory R.O.T.C. program. He did not sign Series VIII on the Classification Questionnaire, the part of the form allocated for conscientious objector claims. He was deferred as a student in Class II–S and that classification was continued until June 15, 1967. Before the expiration of that classification he was accepted by the Office of Economic Opportunity as a VISTA Volunteer. He supported a request for a fourteen month occupational deferment with a letter from the Deputy Director of the Office of Economic Opportunity in charge of the VISTA program. On June 15, 1967, the Local Board classified him I–A. The Office of Economic Opportunity appealed this classification, supporting that appeal by a letter from the Deputy Director in charge of the VISTA program. On August 31, 1967, the Appeal Board continued appellant in Class I–A.

On February 20, 1968, while still serving as a VISTA volunteer, appellant wrote to the Local Board advising that he believed his personal religious beliefs on war and the taking of human life made him eligible for classification as a

conscientious objector. He was furnished with a Form 150 questionnaire which he answered fully. The board also received letters from several friends, a former teacher, and his uncle attesting to his sincere opposition to war in any form. While the Form 150 disclaimed current membership in any religious organization, it disclosed that he had been raised as a Methodist, had developed an interest in other religions while in college, and had gradually come to believe that his religious feelings

"were basically the Christian principles of the brotherhood of men and that a man should never, has no right to, take the life of another man, under any circumstances or for any reason. Because of this I would not participate in war and would refuse any order that would have me participate." (In answer to Question 3, Form 150).

The Local Board and the Appeal Board both properly treated appellant's Form 150 as having presented a prima facie claim for reopening.

On May 21, 1968, the Local Board mailed appellant a notice of classification (SSS Form 110), advising him that he had been classified I–A on May 17, 1968. That form informed him of his right to a personal appearance and of his right to appeal. Neither that form nor anything else in the Selective Service file discloses the reasons for the Local Board's rejection of the conscientious objector claim. On June 17, 1968, within the time permitted by the regulations, he requested a personal appearance and an appointment with an appeal agent. He requested that his personal appearance be scheduled, if possible, in the second week of July, since he could then get a ride to Pittsburgh from Atlanta, where he was working. On July 11, 1968, the Local Board sent him a notice of an appointment with a government Appeal Agent on July 18 at 11:00 A.M. and of a personal appearance before the Local Board on the same date at 1:00 P.M. On July 17, he telephoned the Local Board advising that he had not received notice of the appointments until July

16, 1968, and that he lacked funds to get to Pittsburgh from Atlanta on such short notice. On July 26, 1968, the Local Board mailed a notice of an appointment with a Government Appeal Agent on July 30, 1968. The record does not disclose when this notice reached appellant. He did not keep the scheduled appointment. On July 26, 1968, the Local Board also notified appellant that it had scheduled a personal appearance on August 2, 1968. The record does not disclose when this notice reached appellant. He did not attend the scheduled personal appearance. On August 18, 1968, appellant wrote to the Local Board advising that he would like to appeal his application for I–O classification to the state Appeal Board. The State Director, Selective Service System, instructed the Local Board to honor this request and forward the file to the Appeal Board. Appellant was advised on October 1, 1968, that his file had been forwarded to the Appeal Board for their review and consideration. The Local Board letter said:

"The appeal board can only consider information that has already been submitted to the local board and no one is permitted to appear before the appeal board, however, the entire case which is in the file is reviewed by the appeal board."

This advice was misleading, for although the Appeal Board's review is restricted to the record before the Local Board, 32 C.F.R. § 1626.24(b) (1), a registrant may submit a written statement specifying why he believes the Local Board erred. 32 C.F.R. § 1626.12. The appellant did not submit such a statement. On November 27, 1968, the Appeal Board, without specifying any reasons, continued appellant's I–A classification. The file was returned to the Local Board, which on December 26, 1968, issued an Order to Report for Induction on January 16, 1969. Appellant reported, but refused to submit to induction.

In Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir. 1970), this court adopted the general rule that where the Selective Service System gives no rea-

sons for its rejection of a prima facie conscientious objector claim, the resulting induction order is invalid. In United States v. Deans, 436 F.2d 596 (3d Cir. 1971), we held that in pre-1967 cases the *Scott* rule would not be applied where the registrant had failed to exhaust the *de novo* administrative review procedures then available within the Selective Service System. This is a post-1967 case, and appellant has exhausted such administrative review as is now afforded. The case is controlled by *Scott* unless we accept the Government's contention that the *Scott* holding should be restricted to those cases in which the Local Board, by refusing to reopen when presented with a prima facie claim for reclassification, deprives the registrant of the right to administrative review. See Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). So to read *Scott,* however, ignores the reasoning of that decision and of the primary case on which it relied.

Prior to July, 1967, administrative review of Local Board rejections of conscientious objector claims followed a different path from that of other claims. Appeal from such a denial was followed by an F.B.I. investigation, a *de novo* hearing before the Department of Justice at which the registrant was permitted to be heard on the character and good faith of his conscientious objections, and advisory recommendation by the Department, and an opportunity for the registrant to file a written reply to this recommendation. See United States v. Broyles, 423 F.2d 1299, 1305–1306 (4th Cir. 1970). Since July of 1967 administrative review of conscientious objector claims has been removed from the Justice Department and is now processed through ordinary Appeal Board channels. The Appeal Board's review is restricted to the record before the Local Board, and the only additional matter which may be considered is a written statement from the registrant specifying why he believes the Local Board erred. 32 C.F.R. § 1626.24(b) (1); § 1626.12. The appel-

lant was not informed that he could submit such a statement, but it is difficult to imagine how he could contest the Local Board decision when he was never informed of the basis for its action.

The Government would have us hold that the administrative review which was afforded here eliminates the necessity for the statement of reasons which in *Scott* we found essential for judicial review of a refusal to reopen. The theory, apparently, is that judicial review of two administrative agency actions unsupported by reasons is somehow less futile than judicial review of one such action. We think not.

In Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955), a conscientious objector case arising under the pre-1967 statute, the registrant contended that his classification was invalid because he was neither furnished a copy of the Justice Department's recommendation to his Appeal Board nor afforded an opportunity to reply thereto. The Supreme Court reversed his conviction and said:

> "Just as the right to a hearing means the right to a meaningful hearing, United States v. Nugent, *supra* [346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417]; Simmons v. United States, *supra* [348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453], so the right to file a statement before the Appeal Board includes the right to file a meaningful statement, one based on all the facts in the file and made with awareness of the recommendations and arguments to be countered." 348 U.S. at 415, 75 S.Ct. at 413.

When in 1967 Congress removed the Justice Department from the picture in conscientious objector cases it removed the requirement that a copy of a written recommendation be furnished to the registrant. But knowledge of the basis for the Local Board's action is as essential today for the filing of a meaningful statement with the Appeal Board as knowledge of the Justice Department's recommendation was before the 1967

amendments. Recently the unanimous Court said:

> "Because of the narrowly limited scope of judicial review available to a registrant, the opportunity for full administrative review is indispensable to the fair operation of the Selective Service System." Mulloy v. United States, *supra*, 398 U.S. at 416, 90 S.Ct. at 1771 (footnotes omitted).

Full administrative review in 1955 included the opportunity to respond to written recommendations. Gonzales v. United States, *supra*. In 1970 it can mean no less than that the Appeal Board be informed of the basis for the Local Board's action. Indeed, the reasons for the requirement of Local Board findings announced in the *Broyles* and *Scott* decisions, applied in those cases as an essential aid to judicial review, apply *a fortiori* to administrative review by non-judicial Appeal Boards. The Appeal Boards are no more entitled to speculate as to the basis for Local Board action than are reviewing courts. Moreover, since the Appeal Boards are not restricted to the scope of review delineated in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), but may reclassify, they might well reject a given basis for Local Board action which a reviewing court would feel constrained to accept. An Appeal Board might know, for example, that a given Local Board, when compared with other Local Boards under its jurisdiction, consistently finds conscientious objector claimants to be insincere on very little evidence. It might scrutinize the basis for decision from that Local Board more carefully than otherwise. It cannot do so when the basis for the Local Board action is unknown. Such blind action by the Appeal Board is no cure for the deficiencies discussed in Scott v. Commanding Officer, *supra*.

■ It may be possible to hypothesize a case, where, even absent a Local Board statement of reasons, the record before the Local Board suffices for the Appeal Board in reclassifying to give reasons sufficient for informed judicial review. We do not here decide whether such action by an Appeal Board would in some cases satisfy the *Scott* requirement. Our holding is that in post-1967 cases, when neither the Local Board nor the Appeal Board states its reasons for denying a conscientious objector claim, the induction order is invalid.

■ In this case the Government contends that despite the absence of a statement of reasons, the Selective Service file reflects a basis in fact for the Local Board's action. We are asked to hold that because appellant failed to meet two scheduled personal appearances we should assume the board found him to be insincere. This contention is frivolous, for the board's decision, as shown on its own docket, took place on May 17, 1968, more than two months before the first scheduled personal appearance. Moreover, the appointments in question were noncompulsory steps in the process of administrative appeal from that decision. 32 C.F.R. § 1624.1. The contention is also advanced that because appellant's 1964 Classification Questionnaire showed membership in an R.O.T.C. program at Allegheny College, his 1968 conscientious objection claim must have been insincere. Since in the Form 150 appellant claims that his beliefs matured gradually while he was in college and later, this contention too, is frivolous. The very frivolousness of these contentions illustrates the wisdom of the rule which we have adopted, for had either been stated as the basis for the Local Board action, we can reasonably assume that the Appeal Board would have reversed.

■ Finally the Government suggests that if we deem reasons for the classification to be essential for judicial review, we should not reverse the conviction but should remand, permit the United States to reopen its case, and let it now offer testimony by the Local Board members as to their reasons. That course has been followed in the Second Circuit. United States v. Lenhard, 437 F.2d 936 (2d Cir. 1970); United States v. Deere, 428 F.2d 1119 (2d Cir. 1970); United

States v. Gearey, 368 F.2d 144, 151 (2d Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967); cf. Paszel v. Laird, 426 F.2d 1169 (2d Cir. 1970) (remand for hearing in a habeas corpus case). But the issue is the validity of the induction order which resulted from administrative procedures which we have found to be defective. That being so, appellant should never have been indicted, and we see no justification for permitting the Government to cure the invalid induction order by testimony in a reopened criminal case.

The judgment of conviction will be reversed.