The UNITED STATES of America ex rel.
Michael J. O'NEILL

v.

Col. Donald F. NEFF, Commanding Officer and Stanley R. Resor, Secretary of the Army.

Civ. A. No. 71-349.

United States District Court,
W. D. Pennsylvania.

May 11, 1971.

George Schumacher, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Kathleen K. Curtin, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

KNOX, District Judge.

The petitioner, Michael J. O'Neill, was a selective service registrant registered with Local Board No. 135, Santa Ana, California. He later moved to Pittsburgh, Pennsylvania, and on February 18, 1971, was ordered to report for induction on February 25, 1971. Local Board 135 on February 11, 1971, transferred the induction procedure to Transfer Board 15, Pittsburgh, Pennsylvania,

and he was again ordered to report for induction at Pittsburgh on April 13, 1971. Petitioner reported as directed and was inducted on April 13, 1971. He immediately filed this application for a writ of habeas corpus contending he was unlawfully inducted and was entitled to an occupational deferment. This procedure is in accordance with that approved by the Court of Appeals for the Third Circuit in Scott v. Commanding Officer, 431 F.2d 1132.

A hearing was held before the court at which time a stipulation of facts was entered into between the petitioner and the office of the United States Attorney which appeared for the respondent. From this, it appears that petitioner was originally classified II–S by Local Board 135. After he completed his undergraduate education, he was classified II–A (occupational deferment), on April 10, 1969. This resulted from a request for occupational deferment by ·his employer, Westinghouse Electric Corporation, because of his work as a junior engineer and indications in their request that he was irreplaceable. The Pennsylvania Scientific Advisory Committee had recommended that his employment could be determined as essential.

At the expiration of the one-year occupational deferment period, petitioner's employer requested a continuation of the occupational deferment. However, on April 9, 1970, he was classified I–A by Local Board 135 and he was again so classified by the Appeal Board for the Western District of Pennsylvania on December 9, 1970, notwithstanding a second recommendation by the Scientific Advisory Committee that his employment be considered essential. After the December 9, 1970, decision, further requests and material asking occupational deferment were submitted by the employer.

Meanwhile, petitioner had applied for an appointment to the Commissioned Officers Corp of the United States Public Health Service and so informed Local Board 135 by letter dated January 18, 1971. On January 21, 1971, and again on February 5, 1971, the local board advised petitioner and his employer that they were of the opinion that the facts presented did not warrant the reopening of petitioner's case for reclassification. His induction thereupon followed.

Concurrently, with the filing of the petition for the writ, a temporary restraining order was issued by this court and the petitioner was placed on leave by the Army until May 13, 1971. The temporary restraining order was extended to this date. We have received and studied exhaustive briefs of counsel on both sides. At the hearing, the entire file before the local board was produced and offered into evidence and we have examined this thoroughly and have concluded that the petition must be denied.

The court's scope of review of the action of the selective service system is set forth in the Act of 1967, 50 U.S.C. App. 460 as follows:

"* * * provided that such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards and the President only when *there is no basis* in fact for the classification assigned to such registrant."

This was interpreted by the Supreme Court in Estep v. United States, 327 U. S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567, as follows:

"It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local board made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

There is no question in this case that petitioner is a brilliant engineer and of great value to his employer, Westinghouse Electric Corporation. He now has a Master's Degree. The Westinghouse letters in the file to the local board be-

ginning in 1968 show that he was assigned as a junior engineer to hospital systems studies with particular reference to military hospitals and we accept Westinghouse's evaluation that refusing to continue his deferment would have a severe effect upon their program. See letter of March 12, 1970. In Westinghouse's letter of January 28, 1971, they report that he has spent two years on the military hospital system but it is not clear from the letter exactly what his current assignments were. The employer's letter of December 30, 1970, advises the board that Westinghouse has a new contract covering systems in Fort Lincoln New Town, a new community in northeast Washington, D. C. and that O'Neill had been selected to work on this project. Significantly, however none of the later letters state that he is irreplaceable.

The requirements with respect to occupational deferment are set forth in selective service regulations 32 C.F.R. Sections 1622.21 and 1622.23 providing that occupational deferments shall be for a period not to exceed one year at the expiration of which time classification shall be reopened and the registrant classified anew. It is provided that an occupational deferment shall only be granted for an occupation found by the local board to be necessary to the national health, safety or interest and when all of the following three conditions exist:

1. the registrant is engaged in the activity;
2. the registrant *cannot be replaced* because of a shortage of persons with his qualifications in the activity;
3. removal of the registrant would cause a material loss of effectiveness in such activity.

 As stated, registrant has been assigned to two or three different areas of activities at various times by his employer. He likewise, with the knowledge of his employer, applied for a commission in the Public Health Service, which would indicate he was not irreplaceable. Significantly, none of the 1970 or 1971 letters from Westinghouse make any representation that he cannot be replaced and the local board, therefore, was legally justified in concluding that requirement No. 2 for occupational deferment had not been met.

We further take cognizance of the fact that by executive order dated April 23, 1970, No. 11527 it was directed that no future occupational deferments be granted. While this does not apply to such deferments granted prior to April 23, 1970, it does indicate a government policy that all such deferments should be carefully scrutinized.

 It is true that a number of cases, generally cases involving conscientious objectors, indicate that the board should state reasons for its actions in classifying or refusing to reclassify. Otherwise, the reviewing court cannot discharge its duty intelligently. See United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970). This case points out that this rule only applies where there is a prima facie case of entitlement and that review is limited to whether there is a "basis in fact" for the classification. See also United States v. Weersing, 415 F.2d 130 (9th Cir. 1969) where the court said:

"He contends that the denial was without basis in fact; and that the local board should have given him notice of his right to have the appeal from its action heard by the appeal board for the area in which he was employed. Neither contention was made in the trial court. Assuming they are properly before us, we hold they are without merit.

"Whether or not we would have reached the same conclusion as the board on the merits of defendant's request for occupational deferment, we are satisfied that there was a basis in fact for the board's decision.

"To obtain a deferment under section 456(h) (2), the registrant must satisfy the board (1) that he is engaged in activity necessary to the maintenance of the national health,

safety, or interest; (2) that he cannot be replaced; and (3) that his removal would cause a material loss of effectiveness in the activity. 32 C.F.R. § 1622.23."

See also Lenhard v. Officer of the Day (E.D.N.Y.1970 unreported) 3 S.S. L.R. 3111, aff'd 437 F.2d 936 (2d Cir. 1970) holding that the rule is inapplicable where the basis for the decision is (as in the instant case) supplied by the record.

In our own Circuit, we have Scott v. Commanding Officer, supra, holding that where no reasons are given for rejection of a prima facie conscientious objector claim, the resulting induction is invalid. Assuming arguendo that the same reasoning is to be applied to an occupational deferment, it does not help petitioner here because he has not made a *prima facie* showing of entitlement since the sine qua non of irreplaceability is lacking.

We have also reviewed the recent case of United States v. Speicher, 439 F.2d 104 (3rd Cir. 1971) another conscientious objector case and find nothing therein to change the rule that a statement of reasons is required only where there is a prima facie case of entitlement to deferment. This is not the situation here.

We believe that this case falls within the principles enunciated by the Honorable Joseph F. Weis, Jr. of this court in United States ex rel. Kameshka v. Neff, 327 F.Supp. 459 (1971), where he said:

"We find no procedural defects in this case or error of law, but rather a factual judgment by the local board as sustained ultimately by the Appeal Board and the Presidential Board. We find nothing in the evidence or record of the case to conclude that the action of the Selective Service System was in error or that because the petitioner had been granted two deferments, he acquired a right to have his classification continued because his personal circumstances had not changed. Indeed, the regulations provide that each deferment is to be considered de novo.

"Petitioner may well be inconvenienced, his employers may have great difficulty in replacing him, but nevertheless we are not justified in sitting as a super draft board Court of Appeal. In essence, the classification of the petitioner was an exercise of discretion by the Selective Service System which we cannot say lacked a basis in law or fact."

We further are in agreement with the opinion of the court in United States ex rel. Galasso v. Commanding Officer, 323 F.Supp. 4 (E.D.N.Y.1970), affirmed 438 F.2d 339 (2d Cir. 1971).

"In late May, when re-opening was rejected, he had been a lawyer for only five months. In a word, he was a neophyte lawyer, and, while it may be assumed from the assertions made on his behalf by the District Attorney that he is a lawyer of abilities, it is not shown and it is not possible to accept unsupported assertions that Petitioner is irreplaceable or that his loss to the District Attorney's office would result in a material loss of effectiveness in the office activity. Irreplaceability and loss of office effectiveness were questions upon which the Local Board had to form a conclusion on the basis of its interview with Petitioner and its appraisal of the assertions by the District Attorney."

"There remains then only the question whether the Local Board was required to articulate the ground of its determination that Petitioner was not entitled to an occupational deferment. The regulation, Section 1622.23(a) states that a registrant's employment shall be considered necessary to the maintenance of the national health, safety or interest (which is the statutory language) only when all of three conditions exist: first, that the registrant is engaged in the activity, second, that the registrant cannot be replaced because of the shortage of persons with his qualifications or skill in the activity and, third, that the re-

moval of the registrant will cause a material loss of effectiveness in the activity."

Petitioner also has filed a motion to compel more complete answers to interrogatories and also filed interrogatories to Local Board No. 135 and to the Appeal Board for the Western District of Pennsylvania.

■ While we have no doubt as to our right to allow and compel answers to interrogatories in a habeas corpus case (Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281) this is not the type of case where the same should be allowed. Interrogatories to and depositions of selective service boards should be allowed only in cases where fraud, bias, prejudice or discrimination are claimed. United States v. Gardiner (E. D.N.Y.1970), 310 F.Supp. 364; Clay v. United States, 397 F.2d 901 (5th Cir. 1968). No such claim is made here. Our Court of Appeals has indicated that discovery is to be allowed where bias or prejudice is claimed. United States v. Brown, 436 F.2d 1317 (3d Cir. 1971). If this were such case, we would certainly allow such procedures. In the absence of this we agree with what has been well said in the government's brief on this subject:

"To question the members of the Local Board or of the Appeal Board in a mere attempt to examine and reason a process upon which petitioner's classification rests is beyond the scope of inquiry in this trial.

"In the recent case of United States v. Gardiner (E.D.N.Y.), 310 F.Supp. 364 (1970), the issue of questioning appeal board members was discussed. In this case, the Court repeated the holding of the Fifth Circuit. In Clay v. United States, 397 F.2d 901 (5th Cir. 1968), it was stated:

'It would have been grossly improper to place the members of the Presidential Appeal Board and the Texas Appeal Board on the witness stand to determine from them what their reasons were for the Selective Service classification which they gave to appellant in this case.'

"The court in the Gardiner case said further that in regard to the question of clarifying the record in the District Court to take the testimony of Local or Appeal Board members that the approach should be avoided wherever possible. As so correctly pointed out by the Court, it would mean that board members, private, part-time volunteers, would in many cases be called to testify. The Court, rather than reviewing the basis of their decision, would be passing on their credibility. The job of selective service board members, onerous as it now is, would become almost impossibly unattractive and burdensome. The court went on to say:

'Moreover, the court would not be reviewing the record of the appeal board but making a new record itself.'"

What would be the results of allowing such testimony? Either the public record involved here would be impeached by oral evidence of members of the Board or else the evidence would sustain the record.

We would not permit school directors or city councilmen to impeach the official record of their actions absent claims of fraud, personal bias or prejudice and we should not permit such testimony by the members of a selective service board.

For the above reasons, the petition for a writ of habeas corpus will be denied and the temporary restraining order vacated.