**UNITED STATES of America**

**v.**

**Paul Albert HOFFMANN.**

Crim. No. 71–8.

United States District Court,
E. D. Pennsylvania.

Oct. 26, 1971.

Louis C. Bechtle, U. S. Atty., Henry J. Horstmann, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Alan M. Lerner, Philadelphia, Pa., for defendant.

OPINION

MASTERSON, District Judge.

Defendant, Paul Albert Hoffmann, was indicted for refusal to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. When the case came to trial, the parties stipulated to the admission into evidence of a certified copy of defendant's Selective Service File and the relevant official minutes of defendant's local board. Thereupon the Government rested and the defendant moved to dismiss. In substance, defendant's motion is for a judgment of acquittal and it will be treated as such.

The issue we must decide is a narrow one. The Government concedes [1] that defendant made out a prima facie case that he is conscientiously opposed to war in any form, [2] and that the opposition is based upon religious training belief, as the term has been construed by the Supreme Court. [3] The local board could reject defendant's conscientious objector claim only if it found that these beliefs were not sincerely held. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

In Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970), the Court of Appeals held that the rejection of a registrant's prima facie case for conscientious objector status without any statement of reasons vitiates the legality of his induction order. Although the *Scott*

1. Brief In Opposition To Defendant's Motion To Dismiss, p. 8.

2. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971).

3. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).

decision was subsequent to the local board's action, it is clearly applicable to the facts of this case. United States v. Crownfield, 439 F.2d 839 (3rd Cir. 1971). We have concluded that the action of the local board [4] in this case does not satisfy the requirements of *Scott* and, therefore, defendant's induction order was invalid.

Defendant was initially given the Selective Service Classification II–S upon entering college in 1964. Prior to graduation, defendant applied to a number of graduate schools and also to VISTA, but these applications were unsuccessful. Upon graduation from college, defendant was reclassified I–A, and he took employment in a bakery. In October, 1968, defendant was notified to report for a pre-induction physical examination. After securing a transfer of the place of examination, he reported, and, on December 6, 1968, was found qualified.

On November 27, 1968, defendant had requested Form 150 for applying for reclassification as a conscientious objector. The completed Form 150, including twenty-one (21) typed pages explaining his beliefs and their development, was returned to the local board on January 6, 1969. The application was supported by a number of letters from family members and college professors which attest to Mr. Hoffmann's sincerity and honesty.

On April 23, 1969, defendant appeared before the local board for an interview at which he was orally questioned and filled out another questionnaire. The local board's summary of this interview is set out in full as follows:

"Registrant appeared with his brother, Erik P. Hoffmann, P.H.D. Verbal answers to suggested questions conformed substantially to statements dated 1/6/69 and 4/23/69. Registrant sometimes is hazy in his thinking and circumspect in his answers— 1A—*Facts do not warrant reopening.* He was not a CO in 1964, only became one in later years. Now employed as a stock clerk in a bakery. Does not participate in any community betterment activities in spite of his having been turned down by Vista for lack of community experience and his professed desire to still participate in Vista." (Emphasis added.)

Subsequent appeals to the appeals board and to the President were denied without any reasons given, and the local board voted not to reopen on three occasions during this period without stating any reason. The "Minutes of Action of Local Board" reflecting the last decision not to reopen gives the following entry for July 22, 1970: "Letter noted, Board feels registrant still does not qualify for C.O. deferment. Board feels he is insincere." Shortly thereafter, defendant received his induction notice, and on September 22, 1970, he reported as directed, but refused to step forward and be inducted into the armed forces.

The Government points to the above quoted summary of defendant's April 23, 1969 interview as an adequate explanation for the local board's determination of insincerity. It is true that this is the only indication in the entire file as to how the board arrived at its decision. We disagree, however, that this summary statement is a sufficient explanation of the board's action as contemplated by the Court of Appeals in Scott v. Commanding Officer, *supra*.

4. As in *Scott*, we are dealing with a local board's decision not to reopen a classification. It is possible, however, that the Government's contention that there was a "de facto reopening" is correct, and defendant's subsequent appeal to the appeals board supports this view. However, our Court of Appeals has made it clear that the exhaustion of administrative remedies does not change the effect of *Scott* where neither the local board nor the appeals board gives reasons for denying a conscientious objector claim. United States v. Speicher, 439 F.2d 104 (3rd Cir. 1971). Our decision focuses on the local board's determination since no reasons were stated by the appeals board.

██ The purpose of the holding of *Scott* is to ensure meaningful judicial review of administrative action by requiring that the court have some idea of the basis for the decision by the local board. 431 F.2d at 1137. *Scott* explicitly requires some statement in the file as to "what the board did not believe and why" before a finding of insincerity can be upheld by the reviewing court. 431 F.2d at 1138.

██ It is immediately apparent that the summary of the April 23, 1969, interview is deficient in two fundamental respects. First, there is no indication as to *what* the board did not believe concerning defendant's beliefs which, if true, concededly qualify him as a conscientious objector. Furthermore, it is not clear to us whether all these conclusions by the board are stated to support a finding of insincerity. Even if the observation that the defendant was "hazy in his thinking and circumspect in his answers" could be used to impugn his sincerity (a connection we find difficult to make), the observation could just as easily have been directed to the substance of defendant's stated views, which, as explained above, are not in issue. For us to decide that these statements are directed to sincerity, we would have to engage in precisely the type of speculation which the *Scott* decision aims to avoid. See United States v. Merkle, 444 F.2d 411, 413 (3rd Cir. 1971).

We recognize that in personally interviewing defendant, the board was in a much better position than we to evaluate his sincerity. However, the Court of Appeals has directed us not to uphold an induction order when a prima facie case of conscientious objection has been made out unless we are given some basis for finding the defendant insincere in his beliefs. Since the file before us is totally deficient in this respect, defendant's motion must be granted. See United States v. Bellafiore, 322 F.Supp. 1060 (E.D.Pa.1971).