**Michael Allen LURIE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25735.**

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1968.

Trammell F. Shi, Macon, Ga., for appellant.

Floyd Buford, U.S. Atty., Walker P. Johnson, Jr., Asst. U.S. Atty., Macon, Ga., for appellee.

Before BELL and MORGAN, Circuit Judges and GUINN, District Judge.

Jerald D. Mize, Houston, Tex., for appellant.

Morton L. Susman, U. S. Atty., James R. Gough, Donald L. Stone, Carl Walker, Jr., Asst. U. S. Attys., Houston, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction under 50 App. U.S.C.A. § 462,[1] of refusing to submit to induction. We reverse.

Appellant enlisted in the Texas Army National Guard and received a I-D selective service classification.[2] Upon rejection by military authorities of his application for discharge as a conscientious objector, he applied to his local board for reclassification. Four days later he was certified for priority induction under 32 C.F.R. § 1631.8[3] and without a hearing on his conscientious objector claim was ordered to report for induction. He was thereafter found guilty of refusing to submit to induction, the jury being allowed to consider only whether he refused to take the symbolic step forward at the induction center.

This case was tried prior to the decision, on virtually identical facts, of Quaid v. United States, 10 Cir. 1967, 386 F.2d 25, which held that the mandatory nature of 32 C.F.R. § 1631.8 priority induction is impermissible under 50 App. U.S.C.A. § 456(j).[4] The

---

1. Subsection (a) of that section provides that any person who evades or refuses registration or service in the armed forces shall be punished by imprisonment or fine or both.

2. 50 App.U.S.C.A. § 456(c) (2) (A) provides in pertinent part:

    Any person * * * who * * * enlists or accepts appointment, before attaining the age of 26 years, in * * * the Army National Guard * * * shall be deferred from training and service * * * so long as he serves satisfactorily as a member of an organized unit of such * * * National Guard * * *.

3. 32 C.F.R. § 1631.8 is the regulation implementing the grant of presidential power found in 50 App.U.S.C.A. § 456(c) (2) (D). Section 1631.8 provides in pertinent part:

    (a) Notwithstanding any other provision of the regulations in this chapter, any registrant enlisted or appointed after October 4, 1961, in * * * the Army National Guard * * * who fails to serve satisfactorily during his obligated period of service * * * *shall* be ordered to report for induction by the local board regardless of the class in which he is classified and without changing his classification. [Emphasis added.]

4. Section 456(j) provides that:

    Nothing contained in this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term "religious training and belief" does not include essentially political, sociological, or philosophical views, or a merely personal moral code. Any person claiming exemption from combatant training and service because of such conscientious objections *whose claim is sustained by the local board* shall, if he is inducted into the armed forces under this title, [sections 451–454 and 455–471 of this Appendix], be assigned to noncombatant service as defined by the President, or shall, if he is found to be conscientiously opposed to participation in such noncombatant service, in lieu of such induction, be ordered *by his local board*, subject to such regulations as the President may prescribe, to perform for a period equal to the period prescribed in section 4(b) [section 454(b) of this Appendix] such civilian work contributing to the maintenance of the national health, safety, or

conflict between 32 C.F.R. § 1631.8 and the Congressional statutes arises from a discrepancy of language. Section 1631.8 provides that delinquent National Guardsmen *"shall* be ordered to report for induction." See note 3 supra. However, 50 App. U.S.C.A. § 456(c) (2) (D), the statute which the regulation implements, provides that delinquent Guardsmen *"may* be selected for training and service and inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor." [Emphasis added.]

The substitution of the imperative "shall" for the permissive "may" becomes important in view of the emphatic limitations of section 456(j), supra note 4. To give effect to the regulation would be to bypass the local board hearing required by section 456(j), resulting in two diametrically opposed statutes. The regulation therefore is invalid insofar as it "requires priority induction of a delinquent reservist, regardless of another provision of the statute which directs the local board to investigate a conscientious objector claim before ordering induction. \* \* " Quaid v. United States, 386 F.2d at 29. Appellant as a militiaman [5] was entitled to a local selective service board hearing on his claim of conscientious objection prior to the perfunctory induction order. Therefore his conviction for refusing to submit to induction cannot stand.

Reversed and remanded.

interest as the local board pursuant to Presidential regulations may deem appropriate and any such person who knowingly fails or neglects to obey any such order from his local board shall be deemed, for the purposes of section 12 of this title [section 462 of this Ap-

pendix], to have knowingly failed or neglected to perform a duty required of him under this title [sections 451–454 and 455–471 of this Appendix]. [Emphasis added.]

5. See 10 U.S.C.A. §§ 101(4) and 101(10).