**UNITED STATES of America**

v.

**Sigmund Peter POLITES.**

**Crim. No. 23575.**

United States District Court,
E. D. Pennsylvania.

May 18, 1970.

Louis C. Bechtle, U. S. Atty., Merna B. Barshall, Asst. U. S. Atty., for the United States.

Defender Assoc. of Phila., by Carolyn E. Temin, Philadelphia Pa., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

The defendant, Sigmund Peter Polites, was charged with having violated the Universal Military Training Act, 50 U.S. C. App. § 462 in that he wilfully failed and refused on July 10, 1968, to submit, as ordered, to induction into the Armed Forces. The case was tried by the court sitting without a jury and on June 24, 1969, the defendant was found guilty of these charges. Presently, before the court is the defendant's motion for judgment of acquittal.

In November of 1966, the defendant was classified 2–S as a full time college student by his local board. On July 11, 1967, the local board was notified that the defendant had finished his freshman year but was ineligible to continue. Thus, on November 21, 1967, the local

board reclassified him 1–A. On November 30, 1967, a notice of classification to 1–A and a letter advising him of his appeal rights were sent to the defendant. The thirty day appeal period passed and no appeal was taken. However, on January 11, 1968 a request for an appeal was received from the defendant. In addition to the appeal claim, the letter indicated that the defendant was supporting his mother. On the basis of this letter he was sent a Dependency Questionnaire in order to more fully assert his dependency claim. This form was completed and returned to the local board.

Subsequently, on January 29, 1968, after his Dependency Questionnaire had been received, the defendant was sent a letter granting him a personal appearance with the local board to be held on February 20, 1968. This letter also listed a number of specific items which the defendant was to be prepared to discuss and on which he was instructed to have information or written statements available. He was also requested to present a statement of all the income received in his mother's household and of all the expenses of that household.

On February 20, 1968, the defendant appeared and met with the entire local board. However, in spite of the explicit instructions which he received he failed to supply any of the requested information with the exception of a brief written statement from his mother which contained a short list of her sources of income and expenses without including any specific figures. Some further information was elicited from the defendant at the meeting concerning the financial situation of the household. However, he was instructed that the information presented was wholly inadequate and that a much more definite statement of household income and expenses would be required if he desired his status to be reviewed.

At the conclusion of the personal appearance the local board, pursuant to 32 C.F.R. § 1624.2(c), determined that the information presented did not justify a

change in defendant's classification and voted not to reopen his classification. Defendant was notified of his classification pursuant to 32 C.F.R. § 1624.2(d) and of his right to appeal pursuant to 32 C.F.R. § 1624.2(d).

On February 23, 1968 a further letter from defendant's mother was received by the local board. Apparently this letter was an attempt to supply more adequate information to the local board in relation to defendant's dependency claim. The secretary of the local board made this letter a part of defendant's file.

On March 3, 1968, prior to the next local board meeting, a letter was received from defendant in which he appealed his classification. The entire file, including the letter of February 23, 1968 from his mother, was forwarded to the Appeal Board on March 22, 1968. After receiving the file, on June 18, 1968 the Appeal Board, by a vote of 4-0, classified defendant 1-A. On June 25, 1968, a Notice of Classification by the Appeal Board was mailed to defendant. His appeal rights having been exhausted an Order to Report for Induction was issued on June 26, 1968 directing him to report for induction on July 10, 1968. As noted, defendant failed to so report.

The defendant does not deny that there was a basis in fact for the draft board's classification. His sole contention is that the local board denied him procedural due process of law when it failed to meet and consider the information contained in the letter of February 23, 1968. There is no question that the failure of a local board to afford a registrant his full procedural rights invalidates the action of the local board. United States ex rel. Berman v. Craig, 207 F.2d 888 (3d Cir. 1953). Thus, if this action by the local board was indeed a violation of basic procedural fairness which was prejudicial to the defendant, this motion for judgment of acquittal must be granted.

In effect, the letter of February 23, 1968, was a request to reopen and consider anew the registrant's classification pursuant to 32 C.F.R. § 1625.4. In such a situation the local board was merely under a duty to meet and consider the information contained in the letter. If the local board was of the opinion that the information failed to present any facts in addition to those considered when the registrant was classified, it could not have reopened the defendant's classification. Even if new facts were presented the local board could not have reopened if it was of the opinion that these new facts, taken as true, would not justify a change in the registrant's status. 32 C.F.R. § 1625.4.

However, the members of the local board never even met to consider, discuss, or vote as a board on the defendant's request to have his case reopened. Pursuant to 32 C.F.R. § 1625.4 the defendant was entitled to have the information contained in the letter considered by the local board. United States v. Walsh, 279 F.Supp. 115 (D. Mass.1968). When the secretary of the board received the letter she merely placed it in Polites' file. The letter was never brought to the attention of, or considered by, the actual members of the board. This failure to meet and act as a board violated the implicit requirements of 32 C.F.R. § 1604.52a(d). United States v. Walsh, *supra*.

However, even though there was error on the part of the local board, the party asserting such error has the burden of showing that he was prejudiced thereby. United States v. Sturgis, 342 F.2d 328 (3d Cir.), cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965); United States v. Spiro, 384 F.2d 159 (3d Cir.), cert. denied, 390 U.S. 956, 88 S.Ct. 1028, 19 L.Ed.2d 1151 (1967). After having carefully considered the letter in question this court concludes that the failure of the local board to meet and consider the information contained therein did not in any respect prejudice the defendant.

Pursuant to 32 C.F.R. 1625.2, a local board is required to reopen the classifi-

cation of a registrant who presents evidence creating a prima facie case for a new draft classification. United States ex rel. Berman v. Craig, *supra;* United States v. Grier, 415 F.2d 1098 (4th Cir. 1969). However, defendant does not contend that the facts presented to the local board created a prima facie case for an occupational deferment. His sole contention is that if the local board had considered the letter of February 23, 1968, together with the other information contained in the registrant's file, it is possible that the board *may* have decided to reopen defendant's file even though a prima facie case was not presented.

In United States v. Bellmer, 404 F.2d 132 (3d Cir. 1968) the court received a letter from a registrant which was not in the registrant's file when the State Director had the case under consideration. There the court held that the failure of the Director to consider that particular letter was prejudicial. The court, at page 136, stated that:

"While the reply might not have altered the State Director's conclusion, it is clearly not outside the bounds of probability that it could have led him to arrive at a decision in defendant's favor."

However, in the present case it is indeed outside the bounds of probability that the information in this letter, considered together with the other evidence before the board, could have led the board to arrive at a decision different from that which it previously reached.

In view of defendant's personal appearance before the board on February 20, 1968, and the information in his file at that time, it is clear that this letter did not contain any significant information which was substantially different than that which the local board had previously considered. In essence, the information contained in this letter was at best a resume of the information previously before the local board. Thus, the defendant has failed to establish that the procedural error of the local board resulted in prejudice to him.

Defendant also asserts that even though this letter was reviewed by the Appeal Board such review does not cure the procedural error committed by the local board. However, since the court has concluded that the procedural error was not prejudicial to the defendant it is not now necessary to consider this contention.

## ORDER

And now, this 18th day of March, 1970, it is hereby ordered that defendant's Motion for Judgment of Acquittal is denied.