**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel Warren HOFFMAN, Defendant-Appellant.**

**No. 71–1112.**

United States Court of Appeals, Ninth Circuit.

June 3, 1971.

J. B. Tietz (argued), Los Angeles, for defendant-appellant.

David Fox, Asst. U.S. Atty. (argued), Robert L. Meyer, U.S. Atty., David R. Nissen, Chief, Crim. Div., Darrell W. MacIntyre, Asst. U.S. Atty., for plaintiff-appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Appellant was indicted and convicted in the district court for violation of 50 App. U.S.C. § 462: refusing to submit to induction into the military service. Various errors are asserted. We find no error, and affirm.

■ The Board refused to reopen appellant's I–A classification to consider his conscientious objector claim, made *after* his induction notice had been mailed. Thus, 32 C.F.R. § 1625.2 was applicable and forbade a reopening absent a showing of circumstances over which he had no control. This regulation is lawful. Ehlert v. United States (9th Cir. en banc 1970), 422 F.2d 332,

Affd. 402 U.S. 99, 91 S.Ct. 1319, 28 L. Ed.2d 625 (1971); United States v. Farrell, 443 F.2d 355 (9th Cir. 1971). Nor was it a denial of due process. Brossard v. United States, 423 F.2d 711 (9th Cir. 1970), cert. denied 402 U.S. 981, 91 S.Ct. 1645, 29 L.Ed.2d 147 (1971).

■ The Board denied appellant's requested II–A classification (occupational deferment). Appellant did not establish the requisite facts to entitle him to a II–A deferment under 32 C.F.R. § 1622.23(a). The employers listed stated appellant "was the only one presently employed * * * in this particular field," and that his induction would "greatly jeopardize government contracts." But there was no showing he could not be replaced. This was essential to make a "clearly established" *prima facie* showing. 32 C.F.R. § 1622.-23(a) (2) and § 1622.1(c). United States v. Farrell, 443 F.2d 355 (No. 25,-629 (9th Cir., 1971)); United States v. Kanner, 416 F.2d 522 (9th Cir. 1969); United States v. Weersing, 415 F.2d 130 (9th Cir. 1969).