**UNITED STATES of America**

v.

**Sigmund Peter POLITES, Appellant.**

**No. 19290.**

United States Court of Appeals, Third Circuit.

Argued Dec. 18, 1970.

Decided Sept. 13, 1971.

---

Francis S. Wright, Assistant Defender, Defender Association of Philadelphia, Philadelphia, Pa., for appellant.

Merna B. Marshall, Asst. U. S. Atty. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and SEITZ and GIBBONS, Circuit Judges.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Sigmund Polites, a selective service registrant, appeals from a conviction of willfully refusing to submit as ordered to induction into the armed forces. The case was tried to the court without a jury, 313 F.Supp. 848.

■ The essential facts are not in dispute. On this appeal the registrant urges that his motion for judgment of acquittal should have been granted on the theory that his right to essentially fair procedure was violated by his Local Board in rejecting his request for a hardship deferment and classifying him I–A. It has long been recognized that a registrant has such a right and that it may be asserted in defense of a prosecution for refusing to be inducted. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States ex rel. Berman v. Craig, 207 F.2d 888 (3d Cir. 1953).

On January 11, 1968, at a time when he was classified I–A, the registrant wrote to his Local Board stating that he was the only child of a widowed mother, that his mother had been forced to incur debts in an effort to maintain a decent standard of living and that he now was working and contributing to her support. He asserted that his absence in these circumstances would impose a hardship upon his mother.

The Local Board treated his letter as a request for a hardship deferment and sent the registrant a standard dependency questionnaire. The questionnaire, as executed and promptly returned by the registrant, showed in general terms that his mother earned about $3,000 per year as a clerk and that he was contributing to her at a rate of about $100 per month out of his earnings as a Pepsi-Cola driver-salesman. A supporting statement signed by his mother stated that the insufficiency of her income had resulted in the accumulation of debts and that she suffered residual ill effects of an old knee injury.

On January 29, 1968, the Local Board wrote to the registrant granting him a personal interview and asking that he bring with him a statement, signed by his mother, "of all the income received in your household and all of the expenses of your household."

The registrant appeared before the Local Board on February 20, 1968 and

* This case was first heard by Chief Judge Hastie, Judge Freedman and Judge Gibbons. Judge Freedman died before the case was decided, and the case was then submitted to the present panel.

presented his mother's written statement reading as follows:

"To Whom It May Concern:—

The income received in my household are as follows:—

My salary from Williams, Brown and Earle, Inc., also a commission every month from same. My son's salary plus commission from Pepsi Cola Distributing Company of Delaware Valley, Pennsylvania.

The expenses of my household are as follows:

Regular monthly bills.

Back taxes of home at 144 Summit Street, Darby, Pennsylvania, of years 1966 and 1967.

Personal Loan $1500.

Sincerely,
Emily L. Polites."

Some additional information was elicited from the registrant at the oral hearing. Before the hearing ended a Board member told him that they required a more complete statement of family expenses and income and that they would review his case when such a statement was received. But later during the same day, without waiting for the requested more detailed financial statement, the Local Board again classified the registrant I–A. Three days later the requested detailed financial statement was received and filed. It was never considered by the Local Board.

An appeal followed. The entire record, including the post-classification financial statement, was transmitted to the Appeal Board which reaffirmed the I–A classification. A notice of induction followed.

The district court concluded "that the failure of the Local Board to meet and consider the information contained * * * [in the letter the Board had requested] did not in any respect prejudice the defendant." Accordingly, in the court's view, the I–A classification was not based upon such unfair procedure as would invalidate the consequent notice of induction.

Selective Service Regulation 1622.1(c) requires a local board to "receive and consider all information, pertinent to the classification of a registrant, presented to it." 32 C.F.R. § 1622.1(c) (1971). Indeed, essential fairness would require that a board so treat all timely information, even without this formal mandate.

It will be observed that the mother's statement of family expenses as submitted at the personal hearing pursuant to the Board's request lists only categories of expenditure—"Regular Monthly Bills," "Back Taxes," and "Personal Loan"—without any statement or itemization of dollar amounts spent for particular needs or obligations. Understandably and properly the Local Board called upon the registrant to supply the missing details, although the standard dependency questionnaire did not make it clear that such a breakdown of financial information was required. Thus, the Local Board, not informed of details which it properly viewed as relevant to a decision upon the registrant's claim for a hardship deferment, requested such information but then denied the claim without considering, or even waiting a short time to receive, the requested data.

An examination of the information requested, supplied and not considered shows that the data was in fact relevant. It showed for the first time that while the mother's weekly salary was $65, deductions reduced her takehome pay to $52 plus small commissions. Dollar amounts of expenditures for utility bills, telephone, food bills, repayment of outstanding loan, and the cost of automobile fuel and maintenance were itemized. As the Board itself had anticipated, it would have been in somewhat better position to evaluate the hardship claim with this information than it was without it.

In these circumstances, we conclude that the Board's action in deciding the hardship claim before it could receive and consider the relevant information it has requested was improper and in violation of Regulation 1622.1(c).

It does not matter that consideration of the information might not have led to a different decision, for it was relevant and it supplied additional support to the claim. *Cf.* United States v. Bellmer, 404 F.2d 132 (3rd Cir. 1968). The decisive consideration is that the Board's procedure precluded it from exercising fully informed judgment. *Cf.* United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1970); Quaid v. United States, 386 F.2d 25 (10th Cir. 1967).

The Appeal Board, acting on a record that contained the information that the Local Board failed to consider, sustained the registrant's I–A classification. The detailed information that appeared in the record but was not considered by the Local Board might or might not have convinced reasonable men that the registrant should receive a hardship deferment. Thus, the Appeal Board acted fairly and reasonably in classifying the registrant I–A after considering this information together with the rest of the record. The district court concluded that this appropriate adjudication on a full record nullified the error of the Local Board in not considering the data in question.

■■■ Two provisions of the Selective Service Regulations are relevant. Section 1626.24(b) (1) directs appeal boards to consider the "[i]nformation contained in the record received from the local board." 32 C.F.R. § 1626.24(b) (1) (1971). The next section requires that the "appeal board shall classify the registrant, giving consideration to the various classes in the same manner in which the local board gives consideration thereto when it classifies a registrant." 32 C.F.R. § 1626.26 (1971). Thus, an appeal board is required to make a classification de novo on the entire record submitted to it. *See* United States v. Deans, 436 F.2d 596 (3rd Cir. 1971). The Government contends that the admitted deficiency in the Local Board procedure was cured when, on the full record, the Appeal Board classified anew. We do not agree.

As the Ninth Circuit has pointed out, an "underlying concept of the Selective Service System is that those subject to call for service in the armed forces are to be classified by their neighbors—people who are in a position to know best their backgrounds, their situation and activities." *See* Knox v. United States, 200 F.2d 398, 402 (9th Cir. 1952). The registrant here was deprived of the opportunity for such local consideration of all relevant materials. As we pointed out hereinabove, the new information submitted to the Local Board might or might not have convinced reasonable men that the registrant should receive a hardship deferment. Since the Local Board had personally spoken to the registrant and had requested additional information, its decision might well have gone the other way.

This court in United States ex rel. Berman v. Craig, held that a local board's failure to consider new information "was not cured by its action in transmitting Berman's file to the appeal board for review." 207 F.2d 888, 891 (3rd Cir. 1953). More recently, in United States v. Brown, we held that an appeal board may not base its decision on information which was not previously considered by the local board. 436 F.2d 1317 (3rd Cir. 1971). To the same effect is United States v. Zieber, 161 F.2d 90, 91–93 (3rd Cir. 1947), cert. denied 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1112 (1948). *See also* United States v. Stepler, 258 F.2d 310 (3rd Cir. 1958). The *Berman, Zieber* and *Brown* cases control in this circuit. Decisions in other circuits are in accord. *See, e. g.,* United States v. Atherton and the cases collected in that opinion, 430 F.2d 741 (9th Cir. 1970). In United States v. Ford, Judge Coffin wrote,

"If the reposing of discretion in the board is to have meaning and substance, it must be that the facts prerequisite to the exercise of judgment should come to its attention.

\*    \*    \*    \*    \*    \*

"Let it suffice to say that the lodging of broad discretion in local Selective

Service boards carries the concomitant duty of its exercise and that such exercise is predicated upon consideration of available information."

431 F.2d 1310, 1312, 1313 (1st Cir. 1970).

We do not suggest that an appeal board may never, when it classifies a registrant anew, correct a defect in the local board's classification procedures. *Cf.* United States v. Speicher, 439 F.2d 104, 108 (3rd Cir. 1971). We hold only that a registrant has a right to have the complete record considered both by his local board and by his appeal board. Where, as here, one of the boards has failed to consider relevant information which might have led it to a different conclusion on a discretionary matter, the registrant has been prejudiced and he may not be convicted of failing to obey the resulting induction order.

The judgment will be reversed.

HASTIE, Circuit Judge (dissenting).

I agree with the majority that it was unlawful for the local board to deny Polites' hardship claim without waiting for and considering the more detailed statement of family income requested by the board and supplied promptly by the registrant. However, in the circumstances of this case, I think the action of the appeal board in classifying the registrant on a record that did contain the information in question was curative.

True, the basic legislation and implementing regulations embody the concept that registrants shall be classified in first instance by a board of their neighbors who are likely to be more aware of and sensitive to relevant local considerations, and more concerned that young men of the neighborhood be treated fairly in the administration of selective service, than outsiders would be. At the same time, appeal boards have been authorized and are required to classify registrants *de novo* on a full record, rather than merely to review local board action for possible error. Here, this court is deciding that concededly fair *de novo* classification by an appeal board on a full record cannot stand because the local board that reached the same conclusion erroneously failed to consider certain evidence that later was included in the record submitted to the appeal board. However, the new information was merely a more detailed enumeration of family living expenses that confirmed a summary of those expenses that had been before the local board.

I can see no consideration of localism that would make the local board more competent than the appeal board to decide fairly and knowledgeably whether this confirmatory elaboration of information already presented in less detail strengthened the registrant's case enough to warrant a hardship deferment. For this reason I think no unfairness resulted from the fact that only the appeal board, considering the matter *de novo*, had before it the statement in question. If some other type of evidence had been involved or some different issue that called for an exercise of superior local competency, I would not hesitate to reach a different result.

In the circumstances of this case, I would affirm the judgment of the district court.