**UNITED STATES of America**

**v.**

**Malcolm Harris JARVIS.**

**Crim. A. No. 71–298.**

United States District Court,
E. D. Pennsylvania.

April 12, 1972.

---

ice as a special education teacher at the Warrendale Youth Development Center-School near Pittsburgh. The letter of Ervin Biggs, the principal of the School, dated August 22, 1969 and directed to defendant's Local Board, sets forth that: (1) the defendant was handling the most a-social and academically retarded of the delinquent boys at the School; (2) he is the only one who ever was able to effectively motivate and stimulate these boys; (3) he had shown unique abilities and stamina and had remarkably and effectively restructured the goals of these boys; (4) prior to defendant's arrival, five different people had been hired to work in the same position and they all either quit or had been fired due to their inability to work effectively with these students in the maximum security cottage; and (5) it is extremely difficult to recruit such a rare individual teacher. Mr. Biggs' letter concludes with the statement that the loss of defendant would be "devastating", and that he was "indispensable to the program of the School." The balance of the defendant's selective service record contains nothing of substance contra. The local board did not state its reasons in writing for denial of the occupational deferment claim.

Louis C. Bechtle, U. S. Atty., E. D. Pa., Henry J. Horstmann, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John David Egnal, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

This is a Selective Service case in which defendant is charged with willfully refusing to submit as ordered for induction. The case was tried to the Court on a jury waiver.

The defendant's selective service file contains an impressive submission on the subject of his right to an occupational deferment as a result of his serv-

Our review of the record satisfies us that the criteria of 32 C.F.R. 1622.22, pertaining to the requirements for occupational deferments, are satisfied here, and that defendant was in fact irreplaceable. *Cf.* United States v. Hoffman, 444 F.2d 117 (9th Cir. 1971). We conclude that the denial of occupational (II–A) deferment was without basis in fact,[1] and, alternatively, that the failure of the Local Board to reopen defendant's classification upon receipt of significant new information in August of 1969 invalidates the order to report for induction.[2]

> "Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's

1. *Cf.* United States ex rel. Kameshka v. Neff, 446 F.2d 1164 (3d Cir. 1971), sustaining entitlement to an occupational deferment.

2. In Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (1970), the court stated:

The foregoing determinations make it unnecessary for us to reach defendant's arguments that he is entitled to an acquittal because: (a) there was no basis in fact for the denial of his hardship deferment claim; (b) he was denied due process by virtue of the cursory review of his and other files by the Appeal Board; [3] (c) the local board erred in failing to consider his (post induction notice) conscientious objector claim; [4] and (d) the Board did not state its reasons in writing for denial of the occupational and hardship claims.[5]

classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file. See United States v. Burlich, D.C., 257 F.Supp. 906, 911. For in the absence of such refutation there can be no basis for the board's refusal to reopen except an evaluative determination adverse to the registrant's claim on the merits. And it is just this sort of determination that cannot be made without affording the registrant a chance to be heard and an opportunity for an administrative appeal."

3. *See* United States v. Weaver, D.C., 336 F.Supp. 558, an opinion by Chief Judge Joseph S. Lord, III of this Court, and United States v. Wallen, 315 F.Supp. 459 (D.Minn.1970); but *cf.* United States v. Young, 324 F.Supp. 33 (D.Minn.1970); Sajna v. Lt. Colonel Raymond J. La-France, No. 071-123 (N.D.Ohio 1971).

4. United States v. Shomock, No. 71-1691 pending in the Third Circuit, if decided favorably to appellant Shomock, might well carve an exception to Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), which would be applicable to *Jarvis* if it were determined that the local board had in fact considered and rejected his conscientious objector claim. Shomock has argued that in service remedies which are the touchstone of *Ehlert* are unavailable where the Selective Service System has actually considered and denied the conscientious objector claim.

5. The Third Circuit has invalidated an induction order in a hardship deferment case for failure to state reasons for failure to reopen, United States ex rel. Bent v. Laird, 453 F.2d 625 (1971), but refused to set aside an induction order in an occupational deferment case, at least where objective facts in the file supported the Board's decision. Eleey v. Volatile, 456 F.2d 688 (filed March 1, 1972), aff'g Judge Fullam's opinion filed Feb. 16, 1971.

We do not rely on *Bent* because we have some doubt that *Jarvis* has made out a prima facie case for a hardship claim, and the requirement of a statement of reasons does not apply, as we read the cases, in the absence of a prima facie case. *Cf.* Scott v. Commanding Officer (Volatile), 431 F.2d 1132 (3d Cir. 1970); Fein v. Selective Service System Local Board No. 7, *infra.*

The opinion of the Supreme Court in the case of Fein v. Selective Service System Local Board No. 7 of Yonkers, New York, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (filed March 21, 1972), and the Court's concomitant action in vacating the judgments below in United States v. Joseph, 438 F.2d 1233 (3d Cir. 1971) and Morgan v. Melchar, 442 F.2d 1082 (3d Cir. 1971) may presage a rule that the failure of a local board to articulate in writing its reasons for denial of a given classification is a fatal procedural flaw when the registrant has made a prima facie case for such status even in cases arising before the 1971 statute, 50 U.S. C.A. App. § 471a, which made that principle a requisite of the law. As Mr. Justice Blackmun said:

"The rationale is that some statement of reasons is necessary for 'meaningful' review of the administrative decision when the registrant's claim has met the statutory criteria or has placed him prima facie within the statutory exemption, and his veracity is the principal issue." (footnote omitted).

In *Fein* and *Joseph*, the government changed its previous position and acknowledged the correctness of this rule.

Justice Blackmun's language was spoken in a conscientious objector case where subjective criteria are predominant (although query whether *Morgan* and *Bent*, dealing with hardship claims, contain substantially fewer subjective factors than an occupational claim, and whether *Bent* and *Eleey* may truly be reconciled). In any event, the determination of whether *Fein* and the change in the government's position enunciated in *Fein* and *Joseph* affects *Eleey*, or requires a holding that a failure to state reasons in writing invalidates an induction order in an occupational deferment case where there is subjective content in the file, should be deferred until a case when the determination will be dispositive. Moreover, as time wears on, the 1971 Act will take hold and this type of situation will be unlikely to come before the Court.